HARTFORD COUNTY, FEBRUARY TERM, A. D. 1792.

PITKIN v. WELLES.

Chancery will not relieve the assignee of a note, which is discharged by the promisee, who is not insolvent, and compel the promisor to pay it to him.

ERROR to reverse a decree in chancery of the County Court, upon the petition of said Daniel Pitkin v. said Welles, showing that William Pitkin, Esq. late deceased, in his lifetime, viz. on the 15th of October A. D. 1787 for a valuable consideration, sold and assigned to him a note against said Welles, dated the 3d day of January A. D. 1771 for £14 lawful money, payable on demand with interest; that afterwards on the 15th of April A. D. 1788 he gave notice to said Welles of said assignment and requested him to pay it; that on the 19th of December A. D. 1788 said William Pitkin and said Welles had a controversy concerning certain lands, which they submitted to arbitration, and said arbitrators awarded said Welles to pay to said William £36 lawful money, and that they should execute mutual discharges to each other; and said Welles having had notice of said assignment and contriving fraudulently to avoid the payment of said note drew a discharge for said William to sign, extending to all demands by bond, note or executions; and said William not recollecting said note or supposing that it was paid signed said discharge, which is dated the 19th of December A. D. 1788 whereby said note was discharged at law; that said William had since died and his estate represented insolvent, which was now depending before commissioners; praying that said court would order and decree that said Welles pay him said note, etc. To which petition a demurrer was given and said petition judged to be insufficient.

Error assigned — That said petition ought to have been judged to be sufficient.

Judgment of the County Court affirmed. There being no direct averment that said William's estate is insolvent, and for aught appears is sufficient to pay all the debts.